**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| GIGAMEDIA ACCESS CORPORATION, | Case No. 19-12537 (KBO) |
| Debtor. | |
| JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF GIGAMEDIA ACCESS CORPORATION, | |
| Plaintiff, | Adv. Pro. No. |
| v. | |
| RICHARD CUNNINGHAM, | |
| Defendant. | |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL**
**TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550 AND**
**DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Plaintiff, Jeoffrey L. Burtch, the chapter 7 trustee (the "Trustee" or the "Plaintiff") for the bankruptcy estate (the "Estate") of GigaMedia Access Corporation (the "Debtor"), by his undersigned attorneys, files this complaint (the "Complaint") against Richard Cunningham (the "Defendant"), and in support thereof hereby alleges upon information and belief as follows:

**NATURE OF THE ACTION**

1.      Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for, or on account of, an antecedent debt, and to or for the benefit of Defendant by the Debtor during the ninety (90) day period prior to the filing of the Debtor's bankruptcy petition, pursuant to Sections 547 and 550 of Title 11 of the United States Code (the "Bankruptcy Code").

2.      In addition, Plaintiff seeks to disallow, pursuant to Sections 502(d) and (j) of the Bankruptcy Code, any and all claims that Defendant has filed or asserted against the Estate. Plaintiff does not waive but hereby reserves all of his rights to object to any such claim for any reason, including, but not limited to, any reason set forth in Sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3.      The United States Bankruptcy Court for the District of Delaware (the "Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.      The statutory and legal predicates for the relief sought herein are Sections 502, 547, 550, and 704(a) of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5.      This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders and judgments related to matters arising herein.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409 because the Debtor's above-captioned bankruptcy case (the "Bankruptcy Case") is pending in the District of Delaware.

7.      Personal jurisdiction over Defendant exists in this Court because Defendant conducted business in the United States, directed activities toward the Debtor in the United States, and/or the transfers at issue occurred in the United States.

8.      Defendant is subject to nationwide service of process by first-class mail, postage prepaid pursuant to Bankruptcy Rules 7004(b) and (d).

LEGAL\52116017\1 07998.0001.000/470505.000

9.      Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff states that he consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

10.     On November 27, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

11.     On December 4, 2019, Jeoffrey L. Burtch was appointed as interim trustee of the Debtor's estate (the "Estate") pursuant to Section 701 of the Bankruptcy Code.

12.     The Trustee now serves as trustee pursuant to Section 702(d).

## THE PARTIES

13.     Prior to the Petition Date the Debtor was a provider of document protection solutions for endpoint devices, including mobile and desktop endpoints.

14.     Pursuant to Sections 502, 547, 550, and 704(a) of the Bankruptcy Code, Plaintiff is authorized and has standing to commence, prosecute, and compromise this cause of action.

15.     Upon information and belief, Defendant was, at all relevant times, an investor in the Debtor.  The Debtor made transfers to Defendant during the 90 days prior to the Petition Date.

16.     Upon information and belief, Defendant may be served at the following address:1330 Connecticut Avenue NW #700, Washington, DC 20036.

## FACTUAL BACKGROUND

17.     Upon information and belief, during the ninety (90) day period prior to the Petition Date (August 29, 2019 through and including November 27, 2019 (the "Preference Period")), the Debtor made a transfer (the "Avoidable Transfer") to Defendant in a total amount determined by

3

Plaintiff to be not less than $50,000.00.  A detailed account of the Avoidable Transfer is attached hereto as **Exhibit "A."**

18.     During the course of this proceeding, Plaintiff may learn of additional transfers made to Defendant during the Preference Period.  It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property to or for the benefit of Defendant or any other transferee.  Plaintiff reserves his right to amend this original Complaint to include: (i) further information regarding the Avoidable Transfer, (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (*e.g.*, but not exclusively, 11 U.S.C. §§ 542, 544, 545, and/or 549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

### COUNT I – TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO SECTION 547(b) OF THE BANKRUPTCY CODE

19.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

20.     Pursuant to Section 547(b) of the Bankruptcy Code, a trustee, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable Section 547(c) affirmative defenses may avoid any transfer of an interest of the debtor in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the debtor before such transfer was made, (c) made while the debtor was insolvent, (d) made on or within ninety (90) days, or in certain circumstances within one year, before the filing of the petition, and (e) that enables such creditor to receive more in satisfaction of its claims

than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

21.     After reasonable diligence under the circumstances of this Bankruptcy Case, including with respect to potential defenses under Section 547(c) of the Bankruptcy Code, Plaintiff believes that the Avoidable Transfer is avoidable.

22.     During the Preference Period, the Debtor made the Avoidable Transfer to Defendant on the date, and in the amount, listed on Exhibit A, for a total sum of at least $50,000.00 to Defendant.

23.     Upon information and belief, the Avoidable Transfer was made to or for the benefit of Defendant, a creditor of the Debtor.

24.     Upon information and belief, the Avoidable Transfer was for or on account of antecedent debts owed by the Debtor to Defendant before such transfers were made.

25.     Upon information and belief, the Avoidable Transfer was made at a time when the Debtor was insolvent.  Plaintiff is entitled to the presumption of insolvency for transfers made during the ninety (90) day period prior to the Petition Date pursuant to 11 U.S.C. § 547(f).

26.     The Avoidable Transfer was made during the ninety (90) day period prior to the Petition Date.

27.     The Avoidable Transfer enabled Defendant to receive more in satisfaction of his claim against the Debtor than he would have received in a case under Chapter 7 of the Bankruptcy Code had the payment not been made.

28.     By reason of the foregoing, Plaintiff is entitled to an order and judgment under Section 547 of the Bankruptcy Code avoiding the Avoidable Transfer.

LEGAL\52116017\1 07998.0001.000/470505.000

## COUNT II – TO RECOVER AVOIDED TRANSFERS
## PURSUANT TO SECTION 550(a) OF THE BANKRUPTCY CODE

29.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 as if fully set forth herein.

30.     Defendant was the initial transferee of the Avoidable Transfer or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer was made.

31.     Plaintiff is entitled to recover from Defendant the Avoidable Transfer pursuant to Section 550(a) of the Bankruptcy Code, to the extent it is avoided pursuant to Section 547 of the Bankruptcy Code, plus interest thereon to the date of payment and the costs of this action.

## COUNT III – TO DISALLOW CLAIMS
## PURSUANT TO SECTIONS 502(d) AND (j) OF THE BANKRUPTCY CODE

32.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 31 as if fully set forth herein.

33.     Defendant is a transferee of a transfer avoidable under Section 547 of the Bankruptcy Code, which property is recoverable under Section 550 of the Bankruptcy Code.

34.     Defendant has not paid the amount of the Avoidable Transfer, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

35.     Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendant and/or its assignee against the Estate must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer, plus interest thereon and costs.

36.     Pursuant to 11 U.S.C. § 502(j), any and all claims of Defendant and/or his assignee against the Estate previously allowed by the Debtor or by Plaintiff must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer.

LEGAL\52116017\1 07998.0001.000/470505.000

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant granting the following relief:

A.       On Counts I and II of Plaintiff's Complaint, judgment in favor of Plaintiff and against Defendant, avoiding the Avoidable Transfer and directing Defendant to return to Plaintiff the amount of the Avoidable Transfer, pursuant to 11 U.S.C. §§ 547(b) and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B.       On Count III of Plaintiff's Complaint, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Estate until Defendant returns the Avoidable Transfer to Plaintiff pursuant to 11 U.S.C. §§ 502(d) and (j); and

C.       Granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: May 25, 2021                    COZEN O'CONNOR

                                       *s/ Gregory F. Fischer*
                                       Mark E. Felger (No. 3919)
                                       Gregory F. Fischer (No. 5269)
                                       Marla S. Benedek (No. 6638)
                                       1201 N. Market Street, Suite 1001
                                       Wilmington, DE 19801
                                       T: (302) 295-2000; F: (302) 295-2013
                                       mfelger@cozen.com
                                       gfischer@cozen.com
                                       mbenedek@cozen.com

                                       *Counsel for Jeoffrey L. Burtch, Chapter 7 Trustee*
                                       *for the Estate of Debtor, GigaMedia Access*
                                       *Corporation*